IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DONALD WARE and KATHLEEN WARE,<br>Plaintiffs,<br><br>VS.<br><br>UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC., UNITED RENTALS, INC. and JEFFREY DAVID COPPOCK,<br>Defendants. | NO. _____<br><br>COMPLAINT FOR DAMAGES<br>Personal Injury Action (28 U.S.C. §1332)<br><br><br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT

Comes Now, DONALD WARE and KATHLEEN WARE, Plaintiffs, and would file this their lawsuit complaining of Defendants, UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC., UNITED RENTALS, INC., and JEFFREY DAVID COPPOCK, and would show unto this Honorable Court and Jury as follows:

### 1.
### PARTIES AND SERVICE

1.1   Plaintiffs, DONALD WARE and KATHLEEN WARE, are resident citizens of Port Neches, Jefferson County, Texas.

1.2   Defendant, UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC., is incorporated in the State of Connecticut; however, has a Registered Agent for Service in Texas. Service may be had by serving Corporation Service Company DBA CSC – LAWYERS INCO at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas.

1.3   Defendant, UNITED RENTALS, INC., is incorporated in the State of Connecticut; however, has a Registered Agent for Service in Texas. Service may be had by serving

Corporation Service Company DBA CSC – LAWYERS INCO at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas.

1.4   Defendant, JEFFREY DAVID COPPOCK, is a resident citizen of the State of Tennessee and may be served at his residence of 632 Hinds Creed Road, Maynardville, Tennessee.

## 2.
## JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the subject matter of this litigation as there is complete diversity jurisdiction.  For jurisdictional purposes, the Plaintiffs are resident citizens of the State of Texas and no Defendant is a resident citizen of Texas.  Further, Plaintiffs would show that the amount in controversy exceeds the sum or value set forth in 28 U.S.C. 1332.

2.2   Venue is proper as corporate defendants do business within the State of Texas and, particularly, within the Eastern District of Texas.

## 3.
## FACTUAL ALLEGATIONS

3.1   On October 9, 2009, a motor vehicle crash occurred between a motorcycle being operated by DONALD WARE and a 2008 Dodge Ram pickup being operated by JEFFREY DAVID COPPOCK.

3.2   At such time, KATHLEEN WARE was a passenger on the motorcycle being operated by her husband, DONALD WARE.

3.3   This accident occurred at approximately 9:00 p.m.

3.4   This accident occurred on Interstate Highway 75 in McMinn County, Tennessee.

3.5   The truck operated by JEFFREY DAVID COPPOCK was owned by UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED

        EQUIPMENT RENTALS (NORTH AMERICA), INC. and/or UNITED RENTALS, INC.

3.6    At all times material, JEFFREY DAVID COPPOCK was acting as an agent, servant or representative of UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC. and/or UNITED RENTALS, INC.

3.7    JEFFREY DAVID COPPOCK, while travelling north on Interstate Highway 75, passed another vehicle on the right-hand shoulder, re-entered to the roadway, struck Plaintiffs' motorcycle from the rear, and continued to drive away from the scene of this accident.

3.8    This crash was investigated by the State of Tennessee (Trooper Rick Ray) who found that JEFFREY DAVID COPPOCK committed the following offenses:

        (1)    Vehicular Assault;

        (2)    Reckless Endangerment

        (3)    Driving Under the Influence

        (4)    Leaving Scene

3.9    As a result of this incident and of these events, Plaintiffs sustained personal injuries as set forth herein.

## 4.
## CAUSES OF ACTION

4.1    At all times material, JEFFREY DAVID COPPOCK was negligent, said negligence being a proximate cause of the incident made the basis of this lawsuit and the resulting injuries, damages and losses.

4.2    UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC. and/or UNITED

RENTALS, INC. are vicariously liable for the negligence of JEFFREY DAVID COPPOCK as he was acting as their agent, servant and/or representative.

4.3  UNITED RENTALS (NORTH AMERICA) INC., INDIVIDUALLY AND D/B/A UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC., and/or UNITED RENTALS, INC. are directly liable under the theories of negligent entrustment, negligent hiring and/or negligent retention.

4.4  The negligence made the basis of this lawsuit constitutes more than ordinary negligence; indeed, it is of such a nature so as to constitute gross negligence, malice and/or wanton and willful misconduct.

## 5.
## DAMAGES

5.1  DONALD WARE suffered serious and significant personal injuries and hereby pleads for the recovery of the following elements of damages:

    a.  Medical and health-care related expenses, past and future;

    b.  Loss or impairment of earnings and/or earning capacity, past and future;

    c.  Physical pain, past and future;

    d.  Mental anguish, past and future;

    e.  Physical impairment, past and future;

    f.  Physical disfigurement, past and future.

These injuries, damages and losses were proximately caused by the negligent conduct of the Defendants herein.

5.2  KATHLEEN WARE suffered serious and significant personal injuries and hereby pleads for the recovery of the following elements of damages:

    a.  Medical and health-care related expenses, past and future;

      b.      Loss or impairment of earnings and/or earning capacity, past and future;

      c.      Physical pain, past and future;

      d.      Mental anguish, past and future;

      e.      Physical impairment, past and future;

      f.      Physical disfigurement, past and future.

These injuries, damages and losses were proximately caused by the negligent conduct of the Defendants herein.

5.3    Both Plaintiffs further sue for the recovery of exemplary and/or punitive damages.

5.4    Plaintiffs assert their right to recover interest, both pre-judgment and post-judgment.

5.5    Plaintiffs assert their right to recover all costs of court incurred.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek judgment in their favor against the defendants, jointly and severally, as follows:

    a. Economic and non-economic damages in an amount in excess of $75,000 as to each defendant as provided by law and to be supported by the evidence at trial;

    b. An award of attorneys' fees and costs of suit, as provided by law;

    c. An award of prejudgment and postjudgment interest;

    d. Such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury.

Dated this   14th   day of   January  , 2010.

- 6 -

                    Respectfully submitted,

                    PROVOST ✷ UMPHREY LAW FIRM, L.L.P.

By:   */s/Paul F. Ferguson, Jr.*
       Paul F. Ferguson, Jr.
       State Bar No. 06919200
       490 Park Street
       P.O. Box 4905
       Beaumont, Texas  77701
       409-835-6000
       409-813-8617  (Fax)