| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DONALD WARE and KATHLEEN WARE, §
§
    Plaintiffs, §
§
versus §   CIVIL ACTION NO. 1:10-CV-13
§
UNITED RENTALS (NORTH AMERICA), §
INC., d/b/a United Equipment Rentals, Inc., §
UNITED RENTALS, INC., and JEFFREY §
DAVID COPPOCK, §
§
    Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant United Rentals (North America), Inc.'s, individually and d/b/a United Equipment Rentals (North America), Inc., and United Rentals, Inc.'s (collectively, "United") Motion to Dismiss for Improper Venue (#8). United moves to dismiss Plaintiffs Donald Ware ("Mr. Ware") and Kathleen Ware's ("Mrs. Ware") (collectively, "the Wares") Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure on the basis of improper venue. Alternatively, United requests that the action be transferred to the Eastern District of Tennessee, Winchester Division, pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that a transfer of venue is warranted.

I.    Background

The Wares reside in Port Neches, Texas, located in Jefferson County and within the Eastern District of Texas. They allege that on or about October 9, 2009, while traveling north on Interstate Highway 75 in McMinn County, Tennessee, Defendant Jeffrey David Coppock

("Coppock") was driving a 2008 Dodge Ram owned by his employer, United, when he collided with a trailer being pulled by a motorcycle ridden by Mr. and Mrs. Ware. According to the Wares, the accident occurred when Coppock exited onto the right shoulder of the highway in an effort to pass an 18-wheeler and struck the Wares' trailer from the rear when he attempted to re-enter the roadway. The Wares allege that they suffered severe injuries as a result of the collision.

On January 14, 2010, the Wares filed suit in this court against United and Coppock (collectively, "Defendants"), alleging negligence on the part of Coppock in causing the accident and seeking to recover against United under the theories of vicarious liability, negligent entrustment, negligent hiring, and negligent retention. On February 23, 2010, United filed the instant motion to dismiss the action or, in the alternative, to transfer it to the Eastern District of Tennessee, Winchester Division, pursuant to 28 U.S.C. § 1406(a). Alternatively, United requests that the action be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses and in the interest of justice. The Wares contend that Defendants have waived any challenge on the basis of improper venue and also oppose transfer of this action under 28 U.S.C. § 1404(a).

II.  Analysis

    A.  Dismissal for Improper Venue under Rule 12(b)(3)

"The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper." *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) (citing FED. R. CIV. P. 12(b)(3)); *accord L&H Concepts LLC v. Schmidt*, No. 6:07-CV-65, 2007 WL 4165259, at *1 (E.D. Tex. Nov. 20, 2007) ("Rule 12(b)(3) allows defendants to move for dismissal based upon improper venue."); *Boutte v. Cenac*

*Towing, Inc.*, 346 F. Supp. 2d 922, 924 (S.D. Tex. 2004); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1047 (S.D. Tex. 2000). The relevant statute provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

An objection to improper venue will be deemed waived, however, if it is not made either by motion or by answer. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 942 (5th Cir. 1999) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). In this case, Coppock has not filed a motion or an answer. Therefore, any challenge on the basis of improper venue is waived as to Coppock.[1] United, however, has not waived a venue challenge. United was served with a summons and a copy of the complaint on February 2, 2010. United then filed the instant motion to dismiss in lieu of an answer on February 23, 2010—the last day in which to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Because the motion did not contain a certificate of conference or a proposed order, the District Clerk's office administratively terminated the motion on February 24, 2010. *See* LOCAL R. CV-7(a), (i). Although a proposed order is required under Local Rule 7(a), Local Rule CV-7(i) clearly states that the certificate of conference requirement does not apply to motions to dismiss. Nevertheless, United re-filed the motion and a certificate of conference on February 25, 2010. United also attached the required proposed order. In light of United's expeditious response in filing the curative order and the Clerk's misapprehension of

---

[1] The court notes that Coppock's waiver presents no impediment to United, as one defendant's waiver of a venue defect does not waive an objection to venue by a co-defendant. *See* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3829 (3d ed. 2007) (citing *O'Brien v. Weber*, 137 F. Supp. 684, 685 (D.C. Pa. 1955)); *see also Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986) (stating that a litigant has a personal privilege regarding venue, which may be waived by agreement or conduct) (citing *Hoffman*, 363 U.S. at 343)).

the certificate of conference requirement, the court declines to find waiver in this case. *Cf. HEB Grocery Co., LP v. Texas Spice Co., Inc.*, No. SA-05-CA-1044-RF, 2006 WL 509246, *1 (W.D. Tex. Feb. 16, 2006) (excusing an isolated technical violation of a local rule requiring a certificate of conference, reasoning that the court should rule on the substantive merits of a case whenever possible). Accordingly, the court deems United's motion timely filed and will address its argument that venue is improper in the Eastern District of Texas.

In the case at bar, the court's subject matter jurisdiction is based solely on diversity of citizenship.[2] In such an action, the following statute governs venue:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a); *see McCaskey*, 133 F. Supp. 2d at 523.

Here, the parties do not dispute that 28 U.S.C. § 1391(a) is the controlling statute. Nor do the parties contend that venue is proper in the Eastern District of Texas under § 1391(a)(1). With regard to the remaining general provisions under § 1391(a), it is unclear whether the Wares rely on the "transactional" venue provision (§ 1391(a)(2)) or the "fallback" venue provision

---

[2] There is complete diversity between the parties, as the Wares are citizens of Texas, Coppock is a citizen of Tennessee, and both United entities are Delaware corporations with their principal places of business in Connecticut. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-88 (1990); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). In addition, the amount in controversy exceeds $75,000.00, as the Wares claim damages in excess of that amount, exclusive of interest and costs. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256-57 (5th Cir. 1996).

4

(§ 1391(a)(3)). A reading of the Wares' Original Complaint, which states that "venue is proper as corporate defendants do business within the . . . Eastern District of Texas," suggests that they rely on the fallback provision to establish venue in the Eastern District of Texas. Nevertheless, to the extent the Wares argue that venue is proper under the transactional provision, their argument is without merit. It is also unavailing under the fallback provision because there must be no other district where the action could have been brought.

In applying § 1391(a)(2), "[a] court is not obliged to determine the 'best' venue for a cause of action pending before it, but rather must determine only whether or not its venue is proper." *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. 1996) (citing *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (holding that a court must ascertain "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts")); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *see Wiggins v. Carnival Corp.*, No. EP-05-CV-0230, 2005 WL 2086043, at *2 (W.D. Tex. Aug. 25, 2005); *Bigham*, 123 F. Supp. 2d at 1048. "Therefore, even if another district's contacts with the controversy are more substantial than this district, the court need determine only whether substantial events occurred in this district." *Seariver Maritime Fin. Holdings, Inc.*, 952 F. Supp. at 459. The statutory language, however, "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.'" *Cottman Transmission Sys., Inc.*, 36 F.3d at 294. The events or omissions must be more than tangentially connected to the dispute to qualify as substantial under § 1391(a)(2). *See id.* "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* In addition, "the court looks to

the defendant's conduct, and where that conduct took place" in ascertaining whether venue is proper under the statute. *Bigham*, 123 F. Supp. 2d at 1048 (citing *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995)). "Actions taken by a plaintiff do not support venue." *Id.* (citing *Woodke*, 70 F.3d at 985-86 (holding that the venue statute requires courts to focus not on the plaintiff's conduct but on the defendant's)).

In the instant case, it is uncontested that the accident that forms the basis of this lawsuit occurred in McMinn County, Tennessee, not in the Eastern District of Texas. Nevertheless, the Wares contend that they received medical treatment and lost wages as a result of their injuries in the Eastern District of Texas. When confronted with cases involving nearly identical facts, however, federal courts within this circuit have consistently held that the situs of the accident is the location of proper venue, not where the plaintiff receives medical treatment. *See*, *e.g.*, *Owen v. Avis Rent-A-Car Sys. LLC*, No. 07-1565, 2008 WL 5539486, at *2 (W.D. La. July 11, 2008) (finding venue proper in the district where the accident occurred, not where the plaintiff received medical treatment); *Ortiz v. Robert Holman Trucking, Inc.*, No. Civ. A. B-06-020, 2006 WL 1098904, at *2 (S.D. Tex. Apr. 11, 2006) (holding that the situs of the collision was the proper venue under § 1391(a)(2), and the location of plaintiff's medical treatment was irrelevant under § 1391(a)(2)); *Horihan v. Hartford Ins.*, 979 F. Supp. 1073, 1078 (E.D. Tex. 1997) (concluding that venue was proper in the location where the accident occurred, not where medical treatment was given); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995) (finding venue proper where the collision occurred rather than where plaintiffs were treated for their injuries). Similarly, the fact that evidence relating to damages or adverse economic effects, including lost wages, may be located in the Eastern District of Texas does not establish venue in this district under § 1391.

6

*See Woodke*, 70 F.3d at 985 (rejecting argument that the district where damages are incurred establishes venue under § 1391); *Institute for Creation Research Graduate Sch. v. Paredes*, No. 3:09-CV-0693, 2009 WL 4333366, at *3 (N.D. Tex. Dec. 1, 2009); *Bigham*, 123 F. Supp. 2d at 1048 ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omission occurred in that district."). Accordingly, the court finds that venue is improper in the Eastern District of Texas under § 1391(a)(2), as the accident giving rise to the Wares' claims did not occur in this district.

Furthermore, because venue clearly lies in the Eastern District of Tennessee, where the collision occurred, any argument that venue is proper under the fallback provision is foreclosed. *See McCaskey*, 133 F. Supp. 2d at 526 (stating that venue is proper under § 1391(a)(3) only if there is no other district in which this action could have been brought); *see also Owen*, 2008 WL 5539486, at *2; *Ortiz*, 2006 WL 1098904, at *2; *Horihan*, 979 F. Supp. at 1078; *Smith*, 903 F. Supp. at 1020; *Waldron v. Freightliner Corp.*, No. 96-2530, 1996 WL 737005, at *2 (E.D. La. Dec. 19, 1996). In sum, the court finds that venue is not proper in the Eastern District of Texas, Beaumont Division, under any provision of § 1391(a).

B.  <u>Dismissal or Transfer</u>

Having determined that venue is not properly fixed in this district under § 1391(a), the court must either dismiss the case or transfer it to a proper venue in the interest of justice. *See* 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). District courts have broad discretion when deciding whether to transfer a case. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *cert. denied*, 526 U.S. 1157 (1999); *Caldwell*, 811 F.2d at 919 (citing *Stabler v. New York Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983);

7

*Tim W. Koerner & Assocs., Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 299 (S.D. Tex. 1980), *aff'd*, 683 F.2d 416 (5th Cir. 1982)). Rather than requiring the Wares "to undergo what the Supreme Court termed 'time-consuming and justice-defeating technicalities,' such as the procedure of dismissal of this complaint and refiling of this lawsuit," the court finds that it is in the interest of justice to transfer this matter to the Eastern District of Tennessee, Winchester Division, where this action could have been brought initially. *Waldron*, 1996 WL 737005, at *2 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

III. Conclusion

For the reasons set forth above, United's motion is granted in part. An order transferring this case to the Eastern District of Tennessee, Winchester Division, pursuant to 28 U.S.C. § 1406(a), will be entered separately. Accordingly, the court need not reach United's alternative argument regarding a transfer under 28 U.S.C. § 1404(a).

SIGNED at Beaumont, Texas, this 30th day of March, 2010.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE